### SANITAS NUT FOOD CO. *v.* CEMER.

1. TRADE SECRETS—DISCLOSURE BY EMPLOYÉS—INJUNCTION.
   An employer may maintain a bill in equity to restrain an employé from practicing, or divulging to others, secret arts and processes, knowledge of which was acquired by him through his employment.

2. SAME—PARTIES.
   The persons to whom such arts and processes were disclosed are not necessary parties to the suit.

Appeal from Calhoun; Winsor, J. Submitted June 9, 1903. (Docket No. 52.) Decided September 15, 1903.

Bill by the Sanitas Nut Food Company, Limited, against John Cemer, to enjoin the disclosure of trade secrets. From a decree for complainant, defendant appeals. Affirmed.

*Mechem & Bailey* (*Dallas Boudeman*, of counsel), for complainant.

*W. S. Powers*, for defendant.

HOOKER, C. J. The complainant filed a bill against defendant and several other persons to restrain the former from practicing, or divulging to the latter or to others, cer-

tain secret arts and processes, knowledge of which was acquired by him through his employment by complainant, and the latter from profiting therefrom by using the same. The bill was voluntarily dismissed as to all but defendant Cemer, and upon a hearing a decree was made in favor of the complainant against him.

The question is one mainly of fact, and, in our opinion, the testimony warrants the decree rendered by the circuit judge. The case is ruled by *O. & W. Thum Co.* v. *Tloczynski,* 114 Mich. 149 (72 N. W. 140, 38 L. R. A. 200, 68 Am. St. Rep. 469).

It is asserted that the dismissal of the bill as to other defendants left complainant without a cause for relief against Cemer under the bill; but we think otherwise. The bill would lie against Cemer alone, and contains allegations sufficient for the purpose.

It is also urged that the decree is vague and uncertain; but we think it as specific as the nature of the case will permit.

The decree is affirmed, with costs.

The other Justices concurred.