## FLODING *v.* FLODING.

1. Where by the terms of an agreement, upon a valuable consideration, one party to the agreement stipulates that he "will not again engage in the manufacture and sale of regalia, alone or in conjunction with others, within five years of the date of this agreement, under penalty of five thousand dollars liquidated damages, to be paid to the party of the second part if this agreement is violated," without any limitation as to space or territory, this stipulation can not be enforced in a suit brought to recover the sum named as liquidated damages. The agreement is in general restraint of trade, and void.

2. One paragraph of a contract stipulated that the party of the first part "will not again engage in the manufacture and sale of regalia, alone or in conjunction with others, within five years of the date of this agreement, under penalty of five thousand dollars liquidated damages, to be paid to the party of the second part if this agreement is violated." *Held*, that the forfeiture named applies only to this paragraph of the agreement, and not to any other paragraph of the agreement. (Hill, J., dissenting as to this headnote.)

.3. Where a contract contains several stipulations, and the sum named in the contract as "liquidated damages" for a breach of the agreement can apply to the breach of any stipulation of the contract, and it is apparent that the damages which could result from the breach of some of the stipulations would be so small in comparison with the sum named as liquidated damages as to make the latter excessive and unjust, the amount of damages stipulated will be held to be in the nature of a penalty and not "liquidated damages."

FEBRUARY 13, 1912.

Action for damages. Before Judge Pendleton. Fulton superior court. May 29, 1911.

*C. W. Smith* and *M. A. Hale,* for plaintiff.

*Slaton & Phillips,* for defendant.

HILL, J. 1. The court did not err in sustaining the general demurrer filed in this case. The contract entered into between the plaintiff and the defendant is as follows:

"Articles of Agreement. Know all men by these presents, that I, Mr. Geo. A. Floding, of the County of Fulton, and the State of Georgia, party of the first part, in consideration of the sum representing the value of all Regalia Supplies, Machinery, Appliances, and Materials used in the manufacture and sale of Regalia, as determined by inventory, to be made at the earliest possible date, do hereby grant, bargain, sell, and convey unto W. E. Floding, party of the second part, his Executors, Administrators, and Assigns, forever all my Regalia Business, Regalia Supplies and equipment, used in the manufacture, sale, and prosecution of said Regalia

Business as per invoice. I further covenant and agree to aid said party of the second part, during the first year following the date of this agreement, by all reasonable means to acquire a working knowledge of the business. Further, said party of the second part shall have full and entire right to the name "Floding," as applied to the Regalia Business, it being intended that the said party of the second part shall enjoy all benefits whatsoever, derived from the publicity of the prior business of the said party of the first part.

"Terms of sale shall be as follows: One Thousand ($1,000.00) Dollars cash, to be paid on the completion of the invoice, and the balance to be paid in one year from that date. Deferred payments to draw interest at the rate of 6% per annum, from the date of closing invoice. Further, said party of the second part agrees to pay to the said party of the first part 5% of the net earnings of the business, for the first year following the closing of the invoice.

"The said party of the first part further agrees that he will not again engage in the manufacture and sale of Regalia, alone or in conjunction with others, within five years of the date of this agreement, under penalty of Five Thousand ($5,000.00) Dollars liquidated damages, to be paid to the party of the second part if this agreement is violated.

"As evidence of good faith Ten ($10.00) Dollars, the receipt of which is hereby acknowledged, is paid on the sale price of the said regalia stock.

"Said party of the first part agrees to lease to the said party of the second part the first and second floors and a storeroom on the third floor in his business block, 155 Whitehall St., Atlanta, Ga., to be used for the transaction of the Regalia Business, for a period of three years, at a rental of Fifty ($50.00) Dollars per month, payable monthly, the said party of the first part reserving desk room in the office for his private use, and also reserving space in the vault for the filing of valuable papers.

"The said party of the first part hereby agrees to pay the said party of the second part Twenty ($20.00) Dollars per month for the first year following the closing of the invoice, for serving him in the capacity of private secretary, in the collection of accounts or other office work he may have to do.

"It is intended that the Inventory shall be closed and the busi-

ness turned over to W. E. Floding, party of the second part, on or about October 1, 1909. Signed in duplicate, July 29, 1909."

Is this a valid subsisting contract? If so, it should be upheld. But it is insisted by the defendant that it is in restraint of trade, against public policy, and therefore void. If this latter position is true, then the contract can not be enforced. Where one, for a valuable consideration, solemnly agrees to do or not to do a particular thing, the law ought and will compel such person to comply with his obligation, unless the imperative mandate of the same authority declares the contract void, or for other reasons it can not be enforced. Courts can not make contracts, and can only enforce those that are legal. Is this contract sued on void? In the case of *Seay* v. *Spratling*, 133 *Ga.* 27 (65 S. E. 137), the contract sued on stipulated: "That whereas the said G. W. Seay is the owner of seventy-four shares of stock of the Warren Manufacturing Co., a corporation of said State and county, and is the president of said Company; and whereas the said E. J. Spratling has offered to pay to the said G. W. Seay the sum of thirty-five hundred ($3500) dollars for said seventy-four shares of stock of the Warren Manufacturing Co., providing said G. W. Seay will tender his resignation, as president of the said Warren Manufacturing Co., to said Company, and agree to neither directly nor indirectly, as an individual, member of a firm, stockholder in a corporation, or as an employee of an individual, firm, or corporation, engage or take part in any line of business, either selling or manufacturing, similar or like that now done by the Warren Manufacturing Co., which said offer the said G. W. Seay has accepted: now, therefore, for and in consideration of the premises and the sum of thirty-five hundred ($3500) dollars, the purchase-price of said stock, the receipt of which is hereby acknowledged, said G. W. Seay does hereby agree and bind himself for a period of two years, beginning the 20th day of August, 1908, and ending the 20th day of August, 1910, neither directly nor indirectly as an individual, member of a firm, stockholder in a corporation, or as the employee of an individual, firm, or corporation, to engage or take part in any line of business, either selling or manufacturing, similar or like that now or heretofore done by the Warren Manufacturing Company." It was held in the *Seay* case that in the agreement sued on there was no limitation as to space or territory, and the

contract was therefore against public policy and void. But the plaintiff in error here insists that the present case does not come within the ruling made in the *Seay* case. He further insists that the contract here sued on is severanie; and that though the contract be void in part (which was not conceded), the remainder, if severable, could be enforced as to the part which is legal. After careful and painstaking consideration of the record, we are constrained to hold that that portion of the contract whereby the defendant agreed not to again engage in the manufacture and sale of regalia comes within the ruling in the *Seay* case, and numerous other authorities bearing on the same subject. The agreement is that the defendant "will not again engage in the manufacture and sale of Regalia, alone or in conjunction with others, within five years of the date of this agreement, under penalty of five thousand dollars liquidated damages, to be paid to the party of the second part if this agreement is violated." Here the trade is lawful, but there is no limitation as to space or territory, and this portion of the contract comes clearly within the ruling made in the *Seay* case.

2, 3. Is the contract severable; and if so, is the stipulation as to the forfeiture of the five thousand dollars to the plaintiff to be regarded as a "penalty," or as "liquidated damages"? If it is a penalty, then the plaintiff can not enforce the payment of "liquidated damages," even if it be held that the contract is severable. And this involves the question, is the sum stated as a forfeiture so unreasonable, when applied to the other paragraphs of the contract (if it can be applied to them), as to render it void as being excessive and unreasonable? The majority of the court is of the opinion that the forfeiture is confined to that portion of the contract already held to be void as in restraint of trade; but the writer does not concur in this view, as the language is that the sum stated is "to be paid to the party of the second part if *this agreement* is violated." The writer thinks that the words "this agreement" were intended to refer to the entire agreement, and not to one paragraph of it. These words are previously used in the same sentence, wherein the defendant stipulates that he will not again engage in the regalia business "within five years of the date of this agreement." The words "this agreement," so previously used, can only refer to the contract as a whole,

since no date of the contract is given except that immediately preceding the signatures thereto, which manifestly is inserted as the date of the execution of the contract as one instrument; and where they again appear in the same sentence and closely following their use in referring to the entire contract as "this agreement," the writer thinks the second use of the same words must have been intended to have the same meaning, i. e., to denominate the entire agreement. And the argument now made only applies when the words "this agreement," as used in reference to the violation of the agreement, are construed as having application to all the stipulations of the contract which the defendant undertakes to perform. In the view we take of the entire case, however, the result is the same, whether the majority or the writer be correct in the construction which should be placed upon the words referred to. In the case of *Swift* v. *Crow,* 17 *Ga.* 609, the court held: "T. C. executed a bond by which, in consideration that S. would yield up to him a certain mortgage, given to secure payment of a promissory note due by T. C. to S., he bound himself to pay the sum of one hundred dollars to S., upon condition that he should fail to give to S. acceptable security on this note within ten days, and should also fail, before the first of May then next, in giving to S. a mortgage on real estate as further security, and pay the recording fee for the same. Upon action brought for a breach of said bond: *Held,* that the sum stipulated was in the nature of a penalty, and not liquidated damages." And Judge Starnes, in delivering the opinion, on page 611 said: "But where the covenant is to perform several things or pay the sum specified, and the claim may extend to the breach of *any* stipulation, in such case it seems to be well settled that the sum specified should be considered in the nature of a penalty. (Astley *vs.* Weldon, 2 Bos. & P. 345. Kemble *vs.* Farren, 6 Bing. 141. Davies *vs.* Panton, 6 B. & C. 210. Ch. on Con. 863, 864. Sedg. on Dam. 406, 407, 408.) Now the agreement in this case was first to give acceptable security on the note in ten days; secondly, before the first day of May then next, to give a mortgage on real property as additional security; thirdly, to pay the fee for recording the same. Here, then, are two or three stipulations, a failure in either of which would appear to be a breach of the bond. And yet, if that failure were only to pay the recording fee, would it not be most unreasonable that the sum of

one hundred dollars should be paid as damages?" The doctrine laid down in the case just cited accords with that announced by text-writers on the subject. See 1 Sutherland on Damages, §§ 294, 295; Fetter on Equity, § 72. Assuming, in the present case, that the sum named as liquidated damages was intended to apply to any breach of the agreement, the contract contains a provision in reference to the lease of certain floors of a building and a store-room, the rental for which during the term of the lease would amount to $1800, and another stipulation whereby the defendant agrees to employ the plaintiff in a stated capacity for one year and pay him a compensation for his services amounting to $240. With respect to at least these stipulations of the contract, under the ruling in *Swift* v. *Crow*, supra, the forfeiture named in the contract would be so disproportionate to the damages which would be occasioned by a breach of either that it must be construed to have been intended as a penalty and not as liquidated damages. It follows that on either view of the case the plaintiff could not recover in a suit brought for liquidated damages. If the sum named as a forfeiture be considered as applicable only to that paragraph of the contract in which the defendant undertook not to again engage in the business of manufacturing and selling regalia, and so considered would be regarded as liquidated damages for a breach of this undertaking, the plaintiff could not recover damages for such breach, because of the invalidity of that portion of the contract. On the other hand, if applicable to all the stipulations of the contract, under the principles of law herein announced, the forfeiture would have to be treated as being in the nature of a penalty, and the plaintiff could only recover actual damages sustained from a breach of the legal provisions of the contract (which he does not lay claim to in his petition), and could not recover as liquidated damages the forfeiture specified in the contract and for which he brings suit. Therefore the court committed no error in dismissing the petition on the demurrer thereto.

*Judgment affirmed. All the Justices concur.*