## BONNER *v.* BAILEY *et al.*

1. A contract without limitation as to space or territory, although limited as to time, not to engage in a particular trade or business, is unenforceable as being against the policy of the law. Consequently, where one agreed, upon a valuable consideration, to sell his entire stock of goods, etc., and not to engage in business "in competition with" the purchasers for a period of three years, such a contract is without limitation as to space or territory, and is unenforceable as being in violation of the rule laid down above.
2. The court erred in overruling the demurrer.

No. 2677.   FEBRUARY 15, 1922.

Equitable petition. Before Judge Hutcheson. Newton superior court. February 15, 1921.

W. B. Bailey, W. A. Turner, and J. J. Hunt brought their petition against J. H. Bonner, and alleged in substance the following: On August 22, 1919, the plaintiffs and the defendant entered into a written contract for the sale and purchase of a stock of goods and good will of the defendant. Under the terms of the contract the defendant covenanted and contracted not to go into business in competition with plaintiffs for a period of three years, unless agreed in writing. The exact term of the agreement with respect to this was as follows: "The said first party is not to go into business in competition with the said second parties for a period of three years, unless agreed in writing by the said second parties." In addition to the amount paid by the plaintiffs for the stock of goods and fixtures described in the contract, the sum of $1500 designated in the contract as a bonus was specially paid to the defendant for and in consideration of his agreement not to go in business in competition with plaintiffs for a period of three years, as above recited. It was alleged: "the said defendant was then and there conducting a business near Porterdale, Georgia; and upon the purchase of said goods, business, and good will of the defendant, petitioners took possession of said business near Porterdale and began to conduct and operate the same. . . . Petitioners show, however, that the said defendant has recently gone into business in competition with the said petitioners, in violation of his covenant, and is now actively engaged in selling general groceries at, in, and around Porterdale, Georgia, in competition with petitioners, and that there has been no agreement in writing on the part of petitioners

authorizing him so to do, and that he announces his intention to continue to thus engage in business in competition with petitioners, and in violation of his covenant," etc.　It was also alleged that plaintiffs are irreparably damaged and will be by reason of the difficulty in proving the damages they will sustain, if the defendant is permitted to continue his business in competition with plaintiffs in violation of his contract.　By an amendment the plaintiffs allege that in making the contract above set out the defendant meant and intended, and such was plaintiffs' intention, that defendant would not engage in the mercantile business of a similar character which he had sold to plaintiffs in and at and around Porterdale, Georgia, so as to come in competition with plaintiffs for the period of three years as therein stated, and within the territory served by the defendant in his business prior to the sale thereof, as set out in plaintiffs' petition.　Plaintiffs' prayer was for the recovery of any and all damages which they have sustained and may sustain by reason of the breach of the contract by the defendant, which are specifically alleged to be in the sum of $1500, part of the consideration paid by plaintiffs for the good will of the defendant.　There was also a prayer for injunction against the defendant going into business and continuing in business in competition with plaintiffs, from directly or indirectly selling or delivering general groceries or other merchandise at, in, and around the town of Porterdale, Georgia, in competition with plaintiffs.　There was also a prayer for general relief, and for process.　The defendant demurred to and answered the petition.　The grounds of the demurrer were as follows: " 1. That the said petition sets forth no cause of action against the defendant, for the reason that the contract on which plaintiffs are basing their cause of action and prayers for an injunction fails to set out what kind of business, or what nature of business, was bought of J. H. Bonner, party of the first part, by W. A. Turner, W. B. Bailey, and J. J. Hunt, parties of the second part; neither does the contract specify what kind of or what nature of business the said first party is not to go in business in competition with parties of the second part for a period of three years. 2. Demurring specially your defendant says: that the entire contract is unenforceable and one in general restraint of trade, in that it is without limitation as to space, place, or territorial limits, and

therefore illegal, void and unenforcible." The demurrer was over-
ruled, and the defendant filed exceptions pendente lite. The case
proceeded to trial, and a verdict was rendered in favor of the
plaintiffs against the defendant for the principal sum sued for,
and that the defendant be enjoined as prayed. The defendant
made a motion for new trial, which was overruled, and he ex-
cepted.

    *A. S. Thurman* and *Rogers & Tuck,* for plaintiff in error.

    *King & Johnson,* contra.

    HILL, J. (After stating the foregoing facts.) The plaintiffs
and the defendant entered into the following written contract:
" Georgia, Newton County. This agreement entered into this
22nd day of August, 1919, between J. H. Bonner of the first
part, and W. A. Turner, W. B. Bailey, and J. J. Hunt of the
second part, witnesseth: That the said first party has this day
sold to the said second parties and the said second parties have
bought the entire stock of goods invoiced at $6755.03, fixtures
invoiced at $1800.00, and accounts invoiced at $1024.30, and a
bonus of $1500.00, making total of $12,079.33 which is the full
purchase-price of said sale and purchase by the parties hereto.
The said second parties agree to pay the outstanding accounts
payable to creditors of the said Bonner, in the total sum of $5361.69,
a list of which is hereto attached and made a part of this agreement;
and the said second parties further agree to pay any other account
that may be due by the said Bonner, provided he agrees to same,
and the said second parties have a balance of the purchase-price
sufficient to make said payment. The said second parties have
this day paid to the said first party the sum of $3000.00, the
receipt of which is hereby acknowledged; and deducting this said
payment and the sum of $5361.69 to be paid to his said creditors
by the second parties hereto, leaving a balance of $3717.64, which
the said parties of the second part agree to pay to the said Bonner
within thirty days from this date, any account not listed and
directed to be paid by the said Bonner to be deducted from this
sum.

    " The title to said stock of goods retained by the said Bonner
until the full purchase-price is paid, and the said second parties
hereby bind themselves, severally and jointly by these presents,
to pay the full amount of the said purchase-price at all events,

even should the said stock be burned, lost, or destroyed in any way.

"Any and all palpable errors in the invoice of the items listed above is subject to be corrected by the parties hereto on or before the 1st day of September, 1919, and the said parties will abide and pay or deduct any deficiency or increase in the said invoices.

"All rights of homestead and exemption are hereby waived, and the tenor of this instrument as against the said parties shall be treated as a promise to pay by the said second parties.

"The said first party is not to go into business in competition with the said second parties for a period of three years, unless agreed in writing by the said second parties.

"Signed, sealed, and delivered in duplicate this 22nd day of August, 1919." The names of the parties and of a witness to the contract are affixed thereto.

Shortly after the execution of the contract the plaintiffs brought the present action against the defendant, alleging that he has gone into business in competition with plaintiffs, in violation of his contract, and is now actively engaged in selling general groceries at and around Porterdale, Georgia, in competition with plaintiffs, and that there has been no agreement in writing on the part of the plaintiffs authorizing him to do so, and that the defendant announces his intention to continue to thus engage in business in competition with plaintiffs and in violation of his agreement. The suit has for its purpose the enjoining of the defendant from engaging in such business, and also to recover damages from him for breaching his contract. The court overruled the demurrer to the petition; and this ruling is assigned as error. The question arises from the petition and demurrer whether the contract is one in general in restraint of trade. Our Civil Code (1910), § 4253, declares that a contract which is in general in restraint of trade can not be enforced. Is the contract in the present case, which it is alleged has been breached, such a contract? Whatever the rule may be in other jurisdictions, it is settled in this State that a contract in general restraint of trade without territorial limitation is contrary to public policy and unenforceable. *Seay* v. *Spratling,* 133 *Ga.* 27 (65 S. E. 137); *Kinney* v. *Scarborough,* 138 *Ga.* 77 (74 S. E. 772, 40 L. R. A. (N. S.) 473; *Floding* v. *Floding,* 137 *Ga.* 531 (73 S. E. 729). It will

be observed from reading the foregoing contract that there is no limitation as to space or territory not to carry on the business which the defendant was engaged in at the time he sold his stock of goods to the plaintiffs. The pleadings must be construed more strongly against the pleader, and as against the allegations and the contract itself we must construe the pleadings in the light of the contract. There is no effort to reform the contract on account of fraud, accident, or mistake; nor is it alleged that the contract does not contain the entire agreement between the parties thereto. So far as the contract is concerned, the defendant could not enter business in competition with the plaintiffs for a period of three years, unless agreed to in writing by the plaintiffs. There is absolutely no limitation as to space or territory not to carry on this particular business; and therefore, in accordance with the former rulings of this court, the contract is unenforceable. The fact that there is a limitation as to *time alone* (three years) will not suffice. *Goodman* v. *Henderson, 58 Ga.* 567, and authorities cited on page 569. In the *Goodman* case, it is true, the contract was held to be enforceable, but on the ground that there was a limitation as to space, the agreement reciting that the party selling was " to retire from the business of purchasing, in the Savannah market."

Having reached the conclusion that there is no limitation as to space or territory in the contract which is the foundation of the present suit, we are of the opinion that no cause of action is set out in the petition, and that the court below erred in overruling the demurrer. As this ruling is controlling, all that transpired subsequently to the overruling of the demurrer on the trial of the case was nugatory, and need not be considered

　　　　　*Judgment reversed. All the Justices concur.*

FISH, C. J., concurring specially. I am constrained to agree to the judgment on account of the prior decisions of this court.