GLUCOL MANUFACTURING CO. *v.* SCHULIST.

1. TRADE SECRETS—EQUITY WILL PROTECT—INJUNCTION.
    If the manufacturer of paste on a large scale invents or discovers a process for making it, he acquires in such discovery a certain property right which courts of equity in certain cases should protect.

2. SAME—AGREEMENT BY EMPLOYEE TO KEEP SACRED ESTABLISHED. BY PROOFS—INJUNCTION.
    In a suit by a manufacturer to enjoin the use, by another, of secret formulæ, which plaintiff claims defendant learned while in its employ and which he agreed to keep sacred, but which defendant denies, evidence *held*, sufficient to justify a finding that said agreement was made.

3. CONTRACTS — STATUTE AGAINST AGREEMENTS IN RESTRAINT OF TRADE NOT APPLICABLE TO AGREEMENT BY EMPLOYEE NOT TO USE EMPLOYER'S TRADE SECRETS.
    Act No. 329, Pub. Acts 1905 (3 Comp. Laws 1915, § 15033 *et seq.*), declaring void all agreements, contracts, and combinations in restraint of trade, has no application to an agreement by an employee not to use for his own

---

[1]Injunctions, 32 C. J. § 211; 12 L. R. A. (N. S.) 102; 20 L. R. A. (N. S.) 933; 44 L. R. A. (N. S.) 1160; 14 R. C. L. 402; 3 R. C. L. Supp. 226; 4 R. C. L. Supp. 902; 5 R. C. L. Supp. 763; 6 R. C. L. Supp. 818; [2]Id., 32 C. J. § 581; [3]Contracts, 13 C. J. § 411.

benefit the formulæ of his employer, which he learned by reason of his employment.

4. TRADE SECRETS—DEFINITION—WORDS AND PHRASES.

The term "trade secret," as usually understood, means a secret formulæ or process not patented but known only to certain individuals using it in compounding some article of trade having a commercial value, and does not denote the mere privacy with which an ordinary commercial business is carried on.

5. SAME—EQUITY WILL RESTRAIN FORMER EMPLOYEE FROM USING —PROPERTY RIGHTS.

Secret formulæ used by a manufacturer in making paste, *held,* trade secrets within the meaning of the law in which it has property rights and ownership which a court of equity should protect by enjoining. their use by a former employee who learned them by reason of his employment and agreed to hold them sacred.

6. APPEAL AND ERROR—WAIVER—QUESTION WAIVED ON HEARING MAY NOT BE RAISED ON APPEAL.

Where, in a suit by a manufacturer to restrain the use, by a former employee, of secret formulæ, only one formula was introduced in evidence, and 66 others were sealed and filed with the clerk, and defendant waived his right to have them introduced, he may not complain, on appeal, that the restraining order included them, although there is no proof that he even knew what they were.

Appeal from Wayne; Gilbert (Parm C.), J., presiding.   Submitted April 22, 1927.   (Docket No. 16.)   Decided June 6, 1927.

Bill by the Glucol Manufacturing Company against Joseph Schulist to enjoin the use of secret formulæ. From a decree for plaintiff, defendant appeals.   Affirmed.

*Frank J. Hester,* for plaintiff.

*Adelbert H. Lindley* (*Stevenson, Butzel, Eaman & Long,* of counsel), for defendant.

---

[4]Injunctions, 32 C. J. § 210; [5]Id., 32 C. J. §§ 211, 215; [6]Appeal and Error, 3 C. J. § 628.

SNOW, J.    The plaintiff is an Ohio corporation engaged in manufacturing and selling adhesives, with factory located in Cleveland.    Jacob Schulist is its president and is a brother of Joseph Schulist, the defendant.    The defendant for about eight years worked for the plaintiff in its factory.    He entered its employ in 1917 as a laborer and quit in 1925 as its superintendent.    He came to Detroit and proceeded to acquire and equip a factory similar to plaintiff's to be used for the same purpose, viz., the preparation and manufacture of different kinds of pastes used by the public for countless purposes.

These pastes are made from a mixture of various ingredients with dextrine products for the most part used as a base.    The recipe or formula for them is worked out by the manufacturer through experiments and expert assistance of chemists, augmented by the experience gained from continued association with the product.    What would be a good paste for sticking together certain objects might be useless in other cases.    Hence the necessity for many different kinds of formulæ for their making.

In its bill of complaint the plaintiff alleges that it has a large number of these prescriptions which it uses in the preparation of its paste products; that they are valuable property, and have been accumulated through years of experiment and at a great cost; that they are not subject to patent, and are therefore trade secrets, zealously guarded so that competitors may not get hold of and duplicate them.    But the defendant, through his years of service with plaintiff company, necessarily learned and became familiar with them, and knew how to make pastes with their use.    In fact, it appears that on another occasion he secretly copied some of them, left plaintiff's employ and contemplated starting a competitive factory, but was hired back at an increased salary, and then agreed with

plaintiff never to disclose or use the secrets contained in the formulæ.

The bill further charges that he violated this agreement and is now about to open his factory, make paste from the formulæ which he knows thoroughly, and thereby injure plaintiff in its property rights in them.   An injunction was prayed, issues framed, and the case came on for trial, and, after a somewhat extended hearing, the court permanently restrained the defendant from using or divulging to others the contents of formulæ belonging to plaintiff and from selling any of its products unless actually and in good faith produced without their aid.   Defendant appeals.

The testimony is voluminous and conflicting, but from its careful reading we are convinced that, while formulæ for making pastes are legion, forming a part of almost every household, and may be had for the asking from manufacturers of paste ingredients, still there is much of a scientific character in their composition.   This constrains us to hold that if, in its manufacture on a large scale, one invents or discovers a process for making a paste, he acquires in such discovery a certain property right which courts of equity in certain cases should protect.   Here the court is asked to protect such a discovery against one who has acquired knowledge of it because of his fiduciary relations with the owner.   Defendant was in plaintiff's employ, and necessarily learned it from the nature and character of such employment, and he agreed to keep it sacred.   That there was no such agreement on his part is his claim, but there is proof which the chancellor, after seeing and hearing the witnesses, found as a matter of fact established it, and we are not disposed to find otherwise.

In *O. & W. Thum Co.* v. *Tloczynski*, 114 Mich. 149 (38 L. R. A. 200, 68 Am. St. Rep. 469), this court passed upon a similar state of facts, granting injunc-

tive relief against an employee from breaking his contract not to use or disclose information imparted to him in the course of his employment in manufacturing sticky fly paper. This was before the enactment of Act No. 329, Pub. Acts 1905 (3 Comp. Laws 1915, § 15033), which provides:

"All agreements and contracts by which any person, copartners or corporation promises or agrees to not engage in any avocation, employment, pursuit, trade, profession or business, whether reasonable or unreasonable, partial or general, limited or unlimited, are hereby declared to be against public policy and illegal and void."

But we agree with the trial court, that this statute has no application in the instant case. The reason is obvious. Defendant did not agree not to engage in a similar business, but only that he would not use the formulæ of his employer, which he was given to understand were the property of plaintiff. *Grand Rapids Wood Finish Co. v. Hatt,* 152 Mich. 132.

In the *Thum Case, supra,* there was little, if anything, generally known concerning the ingredients of the fly paper or its process of manufacture, and necessity for secrecy was much greater than in the instant case. Still it is the same in principle, and the large number of authorities to which attention is there directed are applicable here. Also in *Vulcan Detinning Co. v. American Can Co.,* 12 L. R. A. (N. S.) 102, and note (72 N. J. Eq. 387, 67 Atl. 339), citing a long line of decisions, it is held that an employee will be restrained from using trade secrets of his employer, knowledge of which was gained from the employment. It is said:

"It is a well settled doctrine that where one obtains a trade secret of another either under contract not to divulge the same or because of a relation of confidence or through his employment, he will not be permitted afterwards to make use of such secret for his own benefit or to disclose it to others without the

consent of the original possessor of the secret.   This protection is not accorded trade secrets on the theory upon which patents, trade marks and trade names are protected, but is based on the right of one to have a property right like a trade secret protected as against another who has gained the same in a manner above mentioned."

For a review of authorities since the above decision, see *Stevens & Co.* v. *Stiles,* 20 L. R. A. (N. S.) 933, note (29 R. I 399, 71 Atl. 802).

In *Sanitas Nut Food Co.* v. *Cemer,* 134 Mich. 370, it is held that an employer may maintain a bill in equity to restrain an employee from practicing or divulging to others secrets, arts and processes, knowledge of which was acquired by him through his employment.

The success of the paste manufacturing business must depend upon the goods produced performing the service for which they are intended.   Paste no doubt can be made in many different ways and by the use of many different ingredients.   There is good paste and poor paste.   It will stick certain things together, while it will prove useless if used on others.   How to make the good paste for various uses must be the desired goal of the manufacturer, and the formula he conceives must be regarded as a property right and a trade secret.

The term trade secret, as usually understood, means a secret formula or process not patented but known only to certain individuals using it in compounding some article of trade having a commercial value, and does not denote the mere privacy with which an ordinary commercial business is carried on.   *In re Bolster,* 59 Wash. 655 (110 Pac. 547, 29 L. R. A. [N. S.] 716).

It is a "plan or process, tool, mechanism or compound known only to its owner and those of his employees to whom it is necessary to confide it."   *Victor Chemical Works* v. *Iliff,* 299 Ill. 532 (132 N. E. 806).

We are satisfied that plaintiff's formulæ here are trade secrets within the meaning of the law, and in which it has a property right and ownership, and a court of equity should restrain their use by the defendant.

Upon the trial but one of plaintiff's formulæ was introduced in evidence. Sixty-six others were sealed and filed with the clerk. Their contents were not made known. We cannot find from the record that defendant even knew what they were. The decree restrains the defendant from the use of these formulæ as well as the one received in evidence, and provides they shall remain sealed and in the possession of the clerk, but shall at all future times be subject to the order of the court upon proper motion by either party.

Defendant contends, and with much reason, that the decree should be confined to the subject-matter of the suit, which is the formula introduced in evidence, and that the impounded formulæ, not proven or identified by plaintiff, and the contents of which is not known to defendant, should not be considered at all.

We would agree with him and modify the decree accordingly were it not for the fact that when, during the trial, a like complaint was made, the court stated, in effect, that he would re-open the case and compel proof of the impounded formulæ if defendant demanded it, and counsel after conference replied:

"We are not going to make any demand for the formulæ at all, or any of the formulæ that the plaintiff alleges it has."

Thus was waived the objection now made, and it cannot be given further consideration.

We have discussed all questions of merit.

The decree is affirmed, with costs to plaintiff.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.