19902. VENDO COMPANY *v.* LONG.

ARGUED NOVEMBER 13, 1957—DECIDED JANUARY 10, 1958—
REHEARING DENIED FEBRUARY 7, 1958.

*Allan Watkins, Dudley Cook,* for plaintiff in error.
*Thomas O. Davis, Davis & Stringer,* contra.

MOBLEY, Justice. The Vendo Company brought an equitable petition against one of its former employees seeking to enjoin him from engaging in a line of business in competition with the plaintiff, and by amendment seeking to enjoin the disclosure or use of certain alleged trade secrets and confidential information acquired by the defendant while in the plaintiff's employ, the action being predicated upon an alleged contract signed by the defendant the material parts of which are as follows: "If, as a result of my being Associate, I become familiar with some of its trade secrets, experimental data, and other confidential information, I agree not to divulge or use any such information except under the direction of the Company, and I will not do this even after my employment has ceased. I agree also that if, as a result of my being an Associate, I acquire a particular skill or technical knowledge that could be used by a competitor of The Vendo Company, I will not engage in a competitive line of business that would require the use of any such skill or knowledge for a period of two years after my employment has ceased." Upon the sustaining of a demurrer (1) to the prayer for injunctive relief to enjoin the defendant from engaging in a competitive business on the ground, among others, that this provision of the contract is against public policy and unenforceable, and (2) to the amended petition seeking to enjoin the defendant from divulging trade secrets and confidential information, the petition was dismissed, and the plaintiff has excepted.

■ A negative covenant in a contract, ancillary to a contract of employment, whereby an employee is forbidden to enter into employment in competition with his employer for a certain period of time after leaving the service of the employer, but which covenant is not limited as to space or territory, is in general restraint of trade, contrary to the public policy of this State, and unen-

forceable. Code § 20-504; *Kinney* v. *Scarbrough Co.*, 138 *Ga.* 77 (74 S. E. 772) ; *Bonner* v. *Bailey*, 152 *Ga.* 629 (1) (110 S. E. 875) ; *Seay* v. *Spratling*, 133 *Ga.* 27 (65 S. E. 137) ; *Floding* v. *Floding*, 137 *Ga.* 531 (73 S. E. 729) ; *Everett* v. *Boone*, 157 *Ga.* 372 (121 S. E. 240). The provision of the instant contract wherein the defendant agreed that, for two years after ceasing employment with the plaintiff, he would not engage in a competitive line of business requiring the use of any skill or knowledge acquired while in the plaintiff's employ, is without limit as to territory or space, and, upon the principle stated above, such provision is contrary to public policy and unenforceable. The rule cited by the plaintiff, which is followed in some jurisdictions, to the effect that the restrictive covenant, though unlimited as to space, will be enforced if reasonably necessary to protect the plaintiff's business, is not the rule of force in this State. *Seay* v. *Spratlin*, supra, p. 30, and *Bonner* v. *Bailey*, supra, p. 632. The petition failed to allege a cause of action to enjoin the defendant from engaging in a competitive line of business, and it was not error to sustain the demurrer to this portion of the petition.

■ It is contended that, even if the petition fails to allege a cause of action to enjoin the defendant from engaging in a competitive business, a cause of action is alleged to enjoin him from divulging trade secrets and confidential information about the plaintiff's business. The allegations in this connection are in substance: that the defendant became familiar with plaintiff's trade secrets, experimental data, and other confidential information concerning names of customers, equipment, prices of machines, price quotations to customers, new models of plaintiff's machines not yet on the market and their prices, method of doing business, and procedures; and that, unless enjoined, the defendant will use this information contrary to his contract. These allegations were demurred to on the ground that the conclusions that defendant will use such information are not supported by facts, it not being alleged how and in what manner defendant is using or will use the same. The demurrer was sustained with time to amend, and, upon failure to amend, the petition was dismissed. In our opinion the trial court was correct in its action. In 43 C. J. S. 750, § 148, it is stated: "A trade secret, within the rules pertaining to the rights which can be

protected by injunction, is a plan, process, tool, mechanism, or compound, known only to its owner and those of his employees to whom it must be confided in order to apply it to the uses intended." In MacBeth-Evans Glass Co. v. Schnelbach, 239 Pa. 76, 85 (86 Atl. 688, 165 A. L. R. 1459), it was held: "It may now be accepted as settled law, under the authority of English and American cases, that courts of equity if the facts warrant will restrain an employee from making disclosure or use of trade secrets communicated to him in course of a confidential employment. The character of secrets, if they be peculiar and important to the business, is not material. . . They, however, must be the particular secrets of the complaining employer, not general secrets of the trade in which he is engaged." See also 28 Am. Jur. 304, § 111. In the instant petition no facts are alleged to show that the defendant became familiar with any trade secrets or confidential information, other than a general knowledge of the plaintiff's business. It is not shown that the plaintiff possesses any trade secrets with respect to its vending machines or other products which are known only to it and not possessed by others engaged in the same type of business. Neither is it shown that its business procedures or methods are peculiar to it and not generally available to all other similar businesses or that it would be injured in any way by a disclosure of such information. In Glucol Manufacturing Co. v. Schulist, 239 Mich. 70 (214 N. W. 152), it is stated: "The term 'trade secret', as usually understood, means a secret formula or process not patented but known only to certain individuals using it in compounding some article of trade having a commercial value, and does not denote the mere privacy with which an ordinary commercial business is carried on." The allegations in this case respecting trade secrets and confidential information seem to encompass practically every phase of the plaintiff's business, i.e., customers, equipment, prices, price quotations, new machines, method of doing business, and procedures. But in none of these does there appear to be any element of secrecy or confidential information that is peculiar to the plaintiff's business and known only to it and its employees. While it has been held that, in seeking relief in equity, a plaintiff would not be required to make public upon the record of the court the complete details of its

trade secrets in order to protect them (see 28 Am. Jur. 308, § 115), still, more must be alleged than that the plaintiff has trade secrets; and it must appear that there exists confidential information which is the property of the plaintiff and peculiar to its business, the disclosure or use of which by the defendant would be injurious to the plaintiff. "A person who leaves the employment of another has a right to take with him all the skill he has acquired, all the knowledge he has obtained, and all the information that he has received, so long as nothing is taken that is the property of the employer. Trade secrets are the property of the employer and cannot be taken or used by the employee for his own benefit, but customers are not trade secrets. Knowledge on the part of the employee concerning the names and addresses of customers is not the property of the employer." 28 Am. Jur. 306, § 113; 43 C. J. S. 755, § 148 (b). The petition does not allege that the defendant has a list of the plaintiff's customers which he procured while an employee and which he is using to the plaintiff's detriment, and those cases holding such lists to be confidential information are not applicable here. The allegation that upon information and belief the plaintiff alleges that the defendant is calling upon or supervising the solicitation of many of the same customers with whom he dealt while in the plaintiff's employ is not sufficient to charge the defendant with a breach of trust. The alleged contract signed by the defendant does not prohibit his soliciting his former employer's customers, and in the absence of contractual restraint, equity will not enjoin the mere solicitation of business by a former employee. *Stein* v. *National Life Assn.*, 105 *Ga.* 821 (32 S. E. 615, 46 L. R. A. 150).

The amended petition fails to show that the defendant has acquired any confidential information of the plaintiff, fails to show in what manner the defendant is using or will use confidential information of the plaintiff's business to its injury, and fails in this respect to allege a cause of action for equitable relief.

■ For the foregoing reasons the trial court did not err in dismissing the petition, and that judgment is

*Affirmed. All the Justices concur.*