## 29961. THOMAS et al. v. BEST MANUFACTURING CORPORATION, DIVISION OF TILLOTSON CORPORATION.

UNDERCOFLER, Presiding Justice.

This appeal from an order overruling a motion to dismiss and granting of an interlocutory injunction involves restrictive covenants contained in an employment contract, and the right to protect trade secrets.

Appellant-defendant Thomas is an electrician formerly employed by appellee-plaintiff Best. The other appellants (defendants) are competing (or potential competing) manufacturers in the making of rubber or vinyl coated gloves the technique for which is the basis of this suit.

The case presents three issues for resolution, the applicable facts for which will be narrated as each issue is addressed.

The issues are: 1. The enforceability of the restraint on employment contained in appellant Thomas' agreement with appellee Best. 2. The enforceability of that portion of the same contract pertinent to trade secrets. 3. The right to protection of trade secrets aside from any contractual provision.

1. The pertinent provision of the employment agreement containing the restraint on employment is as follows:

"Employment Agreement. It is not the intention of this agreement to prevent anyone from changing his employment or going into business for himself if he so desires and in any field of his choosing if he believes a change of this sort to be in his best interests. It is the intent of this agreement that the results of work done at Tillotson Corporation and information gained at Tillotson Corporation will not be used as a basis of such a transfer and that confidential or trade secret information will be kept strictly confidential and not used for other than Tillotson Corporation benefit, and in keeping with this intent it is agreed that — in consideration of and as a condition of my employment by Tillotson Corporation (hereinafter called "Tillotson"): 1. Without Tillotson's

express written consent, I will not during my period of employment engage in any employment, occupation or consultation other than for Tillotson in any business in which Tillotson is now, or may hereafter become engaged, and I will not at any time publish or disclose to others or use for my own benefit any research, development, engineering and manufacturing data, plans, designs, formulas, specifications, or other information pertaining to the business or affairs of Tillotson or any of its clients, customers, consultants, licensees, or affiliates acquired by me during the period of my employment, except to such extent as may be necessary in the ordinary course of performing my particular duties as an employee of Tillotson."

To restrict an employee from utilizing the experience gained and using information not designated as trade secrets and attempting to extend the restriction beyond the employer's business in perpetuity to that of its clients, customers, consultants, licensees or affiliates without geographic restriction reaches beyond the scope permitted in Georgia in terms of time, territory, and activities protected. Although the employer is attempting to protect confidential information relating to his business, the restraint is so broad as to be unreasonable.

Such agreement has the effect to defeat or lessen competition and is illegal and void. Code Ann. § 2-2701; *WAKE Broadcasters v. Crawford,* 215 Ga. 862 (114 SE2d 26); *Taylor Freezer Sales Co. v. Sweden Freezer Eastern Corp.,* 224 Ga. 160 (160 SE2d 356); *Ellison v. Labor Pool of America,* 228 Ga. 147 (184 SE2d 572); *Rita Personnel Services Internat. v. Kot,* 229 Ga. 314 (191 SE2d 79); *Durham v. Stand-by Labor of Ga.,* 230 Ga. 558 (198 SE2d 145).

Therefore that portion of the temporary injunction issued February 26, 1975 that enjoins and restrains the defendant John W. Thomas from violating his employment contract with the plaintiff is contrary to the law of this state and must be set aside.

2. The employment agreement being illegal and void, matters other than trade secrets are without protection because " 'a man's aptitude, his skill, his dexterity, his manual and mental ability, and such other

subjective knowledge as he obtains while in the course of his employment, are not the property of his employer, and the right to use and expand these powers remains his property unless curtailed through some restrictive covenant entered into with the employer. Williston on Contracts, § 1646, p. 4627.' Pittsburgh Cut Wire Co. v. Sufrin, 350 Pa. 31, 35 (38 A2d 33); 56 CJS 484, Master and Servant, § 72a, n.79." *Outside Carpets, Inc. v. Industrial Rug Co.*, 228 Ga. 263, 268 (185 SE2d 65).

Therefore, those portions of the interlocutory injunction issued February 26, 1975 that restrict the defendant Thomas from disclosing matters acquired by him during the course of his employment by the plaintiff other than trade secrets with respect to the process and machinery used by plaintiff in its manufacturing processes and restrict the other defendants from using information other than trade secrets with respect to the process and machinery used by plaintiff in its manufacturing processes are without legal foundation.

3. The remaining consideration is protection of any trade secrets appellant Thomas may have obtained from appellee Best.

Trade secrets are entitled to protection so long as competitors fail to duplicate them by legitimate, independent research. Even without an express restrictive covenant, one of the implied terms of a contract of employment is that the employee will not disclose a trade secret learned during his employment, to a competitor of his former employer. It is not relevant whether or not a valid express written contract or restrictive covenant was entered into. *Outside Carpets, Inc. v. Industrial Rug Co.*, 228 Ga. 263, 268, supra.

"A trade secret, within the rules pertaining to the rights which can be protected by injunction, is a plan, process, tool, mechanism, or compound, known only to its owner and those of his employees to whom it must be confided in order to apply it to the uses intended." 43 CJS 750, Injunctions, § 148; *Vendo Co. v. Long,* 213 Ga. 774, 776 (102 SE2d 173); *Taylor Freezer Sales Co. v. Sweden Freezer Eastern Corp.,* supra; *Outside Carpets, Inc. v. Industrial Rug Co.,* supra. A trade secret is a property right which the courts will protect by restraining its

divulgence by one who has acquired it through confidential relations with the discoverer thereof. Such right exists irrespective of any copyright or letters patent. It does not exist, however, with respect to matters which are generally known in the trade, and, thus, an unpatented machine or process the knowledge of which has honestly and fairly come into the possession of others is not a trade secret. Nevertheless, "one who, by reason of confidential business relations with the discoverer, has gained possession of his trade secret, will be restrained by a court of equity from betraying the trust reposed in him by using the [knowledge thus acquired] for his own gain." *Stewart v. Hook,* 118 Ga. 445, 447 (45 SE 369); *Walker v. Berger,* 148 Ga. 326, 331 (96 SE 627); *Alexis, Inc. v. Werbell,* 209 Ga. 665, 668 (75 SE2d 168); *Outside Carpets, Inc. v. Industrial Rug Co.,* supra.

There is evidence in this case from which the court was entitled to find that the formula, process, and machinery, including its configuration, utilized by the plaintiff constituted trade secrets in the manufacture of pre-dipped or coated gloves and that defendant Thomas acquired knowledge of these secrets in a confidential relation with the plaintiff employer. The trial court was authorized to restrain Thomas temporarily from divulging this information and those to whom he may have divulged the information from making use of it.

Therefore, appellants' enumeration of error 1 is meritorious to the extent it alleges the contract is void and illegal. Enumeration 2 is without merit. There is evidence of record from which the court could find that plaintiff owned trade secrets and what those trade secrets were and took security measures to protect those secrets and that a confidential relationship existed with appellant Thomas. Enumeration 3 is meritorious to the extent held in Divisions 1 and 2 of this opinion. Enumerations 4 and 5 alleging the interlocutory injunction is based upon erroneous findings of fact and conclusions of law are meritorious only in part as indicated in Divisions 1, 2, and 3 of this opinion.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Jordan, J., who dissents from Divisions 1 and 2.*

ARGUED JUNE 9, 1975 — DECIDED JULY 1, 1975 —
REHEARING DENIED JULY 15, 1975.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein,
George B. Haley, Jr., Thomas J. Espy, Jr.,* for appellants.

*Cook & Palmour, Bobby Lee Cook, A. Cecil Palmour,
Rogers, Magruder & Hoyt, Dudley B. Magruder, Jr., J.
Clinton Sumner, Jr.,* for appellee.