63900. WILSON v. BARTON & LUDWIG, INC. et al.

Carley, Judge.

Wilson, appellant, brought an action against Barton & Ludwig, Inc. and Barton & Ludwig Home Rental, Inc., appellees, alleging the wrongful appropriation of his idea or plan for leasing and managing residential rental properties. Appellant's suit also included a claim for wrongful termination of his employment, a claim which he

contends was later dismissed voluntarily.

In November 1976, appellant contacted Barton & Ludwig with regard to an idea he believed to be "tailor made" for the realty company. His idea was to form a home rental program organized around a core of central management but with the actual placement of rental coordinators in satellite offices to procure and lease the properties. An officer of Barton & Ludwig responded positively to appellant's plan and initially proposed that appellant become the head of such a home rental division for Barton & Ludwig and receive as compensation one-half of the division's pretax operating profits. Appellant accepted this proposal. However, there were no immediate profits generated by the division from which to compensate appellant as had been contemplated under the initial agreement. Accordingly, as the plan was implemented, appellant was given a cash advance and then placed on a salary. After nine months, appellant was terminated as manager of the home rental division, given two months severance pay less advances, and transferred to another department. He left Barton & Ludwing altogether approximately six months later without having received any portion of the profits produced by the home rental division. Appellant then brought the action that is the subject of this appeal.

After extensive discovery, appellees moved for summary judgment. The trial court granted summary judgment in favor of appellees, holding, as a matter of law, that appellant's idea for a home rental program was too vague and too lacking in novelty to constitute a property right, that the idea was not divulged in a confidential relationship, and that there was an accord and satisfaction when appellant's position with the home rental division was terminated. The trial court also granted appellees summary judgment as to appellant's claim for the wrongful termination of his employment. The appellant appeals, asserting that the court erred in granting summary judgment as to his claim of wrongful misappropriation of his idea and as to appellees' defense of accord and satisfaction. Also, appellant contends that his claim of wrongful termination had been voluntarily dismissed prior to the entry of the order granting appellees summary judgment on that claim and that, therefore, that portion of the trial court's order should be vacated.

1. The basis for appellant's theory of recovery for the misappropriation of his idea is the existence of an implied contract between the parties to compensate appellant for his idea and the prevention of unjust enrichment of appellees. In *Monumental Properties of Ga. v. Frontier Disposal,* 159 Ga. App. 35, 37 (3) (282 SE2d 660) (1981), this court recognized a claim for relief for the misappropriation or conversion of an unpatented or unpatentable

product or idea. The subject of *Monumental Properties* was a unique design for a garbage disposal system. The plaintiff's right of recovery was based upon the long recognized property right in the product of one's mental labors. *Monumental Properties,* 159 Ga. App. at 37, supra. See *Alexis Inc. v. Werbell,* 209 Ga. 665, 668 (75 SE2d 168) (1953); *Walker v. Berger,* 148 Ga. 326, 331 (4) (96 SE 627) (1918); *Stewart v. Hook,* 118 Ga. 445, 446-447 (45 SE 369) (1903). To establish his right to recover, the plaintiff had to show that the design or idea was exclusive, that is, not available in the market place, and that the duty not to misuse the design or idea arose out of a contract or some confidential relationship existing between the parties. *Monumental Properties,* 159 Ga. App. at 38, supra. Where the plan had been divulged to the defendant in confidence with the expectation of compensation for the use of the idea, the court was willing to construe the arrangement between the parties as "an implied agreement not to use or divulge the information." *Monumental Properties,* 159 Ga. App. at 38, supra. See generally *Textile Rubber &c. Co. v. Shook,* 243 Ga. 587, 589 (1) (255 SE2d 705) (1979); *Thomas v. Best Mfg. Corp.,* 234 Ga. 787, 789 (3) (218 SE2d 68) (1975); *Outside Carpets v. Industrial Rug Co.,* 228 Ga. 263, 268-269 (185 SE2d 65) (1971).

In contrast with *Monumental Properties* where the misappropriated idea was a product design, the instant case involves an idea that is more abstract — a business management concept. While we have found no Georgia case addressing the exact fact situation before us now, we adopt the clear and concise expression of the elements essential to a recovery for the wrongful appropriation of an abstract idea as set forth in Official Airlines Schedule Information Service, Inc. (OASIS) v. Eastern Air Lines, Inc., 333 F2d 672 (5th Cir. 1964): "[T]he idea must be novel; (2) the disclosure of the idea must be made in confidence, and (3) the idea must be adopted and made use of by the defendant." OASIS, 333 F2d at 673-674, supra. A fourth essential element which we also adopt is that the idea be sufficiently concrete in its development to be usable. See Hamilton National Bank v. Belt, 210 F2d 706, 708 (D. C. Cir. 1953).

In deciding whether appellees were erroneously granted summary judgment as to appellant's claim for misappropriation of his idea, we turn first to the "novelty" requirement. The cases addressing protection of trade secrets from unauthorized disclosure are particularly helpful in defining the requirement of novelty since virtually the same requirement has been imposed in order to prove the existence of a trade secret. A trade secret is not entitled to the status of a property right if it pertains to matters "which are generally known in the trade . . ." *Outside Carpets,* 228 Ga. at 268, supra. A

manufacturer seeking protection of a purported trade secret must show "that its business procedures or methods are peculiar to it and not generally available to all other similar businesses. . . ." *Taylor Freezer Sales Co. v. Sweden Freezer Eastern Corp.,* 224 Ga. 160, 164 (160 SE2d 356) (1968). See *Vendo Co. v. Long,* 213 Ga. 774, 777 (102 SE2d 173) (1958). Accordingly, if an abstract idea or concept is to be protected as a property right, it must be novel and original, and not a matter already in use and within the public's knowledge. See *Monumental Properties,* 159 Ga. App. at 38, supra. See also OASIS, 333 F2d at 674, supra. An idea lacking in novelty or originality constitutes something less than a property right and is therefore insufficient to serve as consideration for a promise of confidentiality or as a basis for asserting unjust enrichment. See *Alexis, Inc. v. Werbell,* 209 Ga. at 669, supra; 5 Mer. L. Rev. 208 (1953). Further, it is necessary to determine whether an idea is novel or original to know whether the defendant has appropriated an idea that is the property of the plaintiff (*Stewart v. Hook,* 118 Ga. at 446-447, supra) or has merely put to use a concept already in the public's knowledge. See *Textile Rubber,* 243 Ga. at 591, supra; *Outside Carpets,* 228 Ga. at 268, supra. See also Havighurst, The Right to Compensation for an Idea, 49 N.W.U.L. Rev. 295, 307 (1954). Public policy considerations also require that business, trade, and the professions be free from encumbrance with alleged property rights in ideas or concepts unless such ideas or concepts are truly unique and original.

The appellees contend, and the trial court agreed, that the question of novelty should be determined as a matter of law. The appellant urges that the determination of novelty is one of fact and that factual questions remain with regard to the novelty of his idea or plan. The body of judicial authority is divided on whether novelty is an issue of law (see generally OASIS, 333 F2d at 674, supra; Stevens v. Continental Can Co., Inc., 308 F2d at 105, supra) or whether it is an issue of fact (see generally Capital Films Corp. v. Charles Fries Productions, Inc., 628 F2d 387, 394-395 (5th Cir. 1980); OASIS, 333 F2d at 674 (Rives, J. concurring specially) and 676 (on petition for rehearing), supra; Boop v. Ford Motor Co., 278 F2d 197 (7th Cir. 1960); Hamilton National Bank, 210 F2d 706, supra; Smoley v. New Jersey Zinc Co., 106 F2d 314 (3d Cir. 1939); Galanis v. Procter & Gamble Corp., 153 FSupp. 34 (S.D.N.Y. 1957)) or whether it is neither possible nor preferable to set forth a rule that would be appropriate in all cases. Thomas v. R. J. Reynolds Tobacco Co., 38 A2d 61, 64 (Pa. 1944). In this state, the determination of the existence of a trade secret, which must have the element of exclusivity, has been treated as a fact question. *Thomas v. Best Mfg. Corp.,* 234 Ga. 787, supra; *Outside Carpets,* 228 Ga. 263, supra. There appears to be no

reason to depart from this "trade secret" approach in a case involving an idea for real estate marketing. See *Monumental Properties,* 159 Ga. App. at 38, supra.

To a great extent, the factual determination of novelty depends upon the existence or absence of evidence that the idea has already been in use and is within the public's knowledge. See *Monumental Properties,* 159 Ga. App. 35, supra; *Outside Carpets,* 228 Ga. at 268, supra; *Taylor Freezer Sales,* 224 Ga. at 164, supra. In *Textile Rubber &c. Co. v. Shook,* 243 Ga. 587, supra, the manufacturer was unsuccessful in establishing the existence of a trade secret where the technology for the process in question was "well known in the industry." The plaintiff sought to protect secrets of "efficient, low cost production processes" it had developed to apply foam to fabric. *Textile Rubber,* 243 Ga. at 589-590, supra. The manufacturer's "secret" was " 'producing the product at the lowest possible cost.' " *Textile Rubber,* 243 Ga. at 590, supra. However, the evidence showed that "there were other people in the industry who had similar or identical knowledge about the process involved" and that three corporations were producing an identical product. *Textile Rubber,* 243 Ga. at 591, supra. Thus, to be protected, an idea must possess *genuine* novelty and invention, which it cannot have if it is merely an adaptation of existing knowledge, albeit, a clever, useful, or sensible adaptation. See generally *Textile Rubber,* 243 Ga. at 591, supra. The "novelty essential to a protected property right [cannot] arise solely from the fact that something already known and in use is put to a new use. . . ." Stevens v. Continental Can, 308 F2d at 105, supra.

Construing the evidence in the record most favorably for the appellant, as the party opposing summary judgment (*Burnette Ford, Inc. v. Hayes,* 124 Ga. App. 65 (1) (183 SE2d 78) (1971)), and accepting his statements in support of the novelty of his idea or plan as true (*Waller v. Transworld Imports,* 155 Ga. App. 438 (271 SE2d 1) (1980)), the undisputed evidence shows that the appellant's idea was not "novel." Contrary to his contentions, appellant's idea did not create anything new to the real estate industry. In appellant's own words, his idea was merely "a new and better way of doing something . . . ." While appellant's idea significantly enlarged the scope and organization of appellees' rental program for residential properties, the evidence establishes that appellees were already engaged in renting residential property. So too were other real estate firms throughout the country, firms that appellant, in developing his idea, contacted to learn how they managed the rental of residential homes. Appellant asserts that his idea was different because it called for placing personnel as rental coordinators in satellite offices in different geographic areas of the City of Atlanta. However, appellees

already had established a system of neighborhood offices throughout the Atlanta metropolitan area for other real estate activities and appellant's idea merely utilized the existing system. The undisputed evidence demands a finding that the appellant's organizational idea or plan was not "novel." *Textile Rubber,* 243 Ga. 587, supra. This lack of novelty is fatal to appellant's claim for misappropriation of his idea. See *Monumental Properties,* 159 Ga. App. 35, supra. See also OASIS, 333 F2d 672, supra.

"To entitle the defendant to a summary judgment the undisputed facts as disclosed by the pleadings and evidence must negate at least one essential element entitling plaintiff to recovery . . . under *every theory fairly drawn from the pleadings and evidence* [Cits.]. . . ." *Henderson v. Atlanta Transit System,* 133 Ga. App. 354, 356 (1) (210 SE2d 845) (1974). The undisputed evidence in the instant case establishes that appellant's idea lacked novelty. Appellees were entitled to summary judgment as a matter of law irrespective of any issues of fact that might have remained with regard to the other essential elements of appellant's claim for misappropriation of an idea. *Waldrep v. Goodwin,* 230 Ga. 1, 2 (1) (195 SE2d 432) (1973).

2. Since summary judgment in favor of appellees on the issue of misappropriation of appellant's idea or plan is affirmed for the reasons discussed in Division 1, it is unnecessary to consider appellant's enumeration of error on the issue of accord and satisfaction between the parties.

3. Appellant contends that the trial court erred in granting summary judgment in favor of appellees on his claim of wrongful termination of employment because, prior thereto, he had voluntarily dismissed this claim pursuant to Code Ann. § 81A-141 (a). The record demonstrates that appellant did not file a "written" notice of dismissal denominated or substantially denominated as such but instead included the following in a footnote on the third page of his brief in opposition to appellees' motion for summary judgment as to both of appellant's claims: "Plaintiff hereby voluntarily dismisses, without prejudice, his claim for wrongful discharge, which claim was bottomed on alleged wrongful acts in connection with or accompanying the discharge itself. [Cits.]" Appellant's attempt to dismiss the claim voluntarily occurred after the claim had been incorporated into the pretrial order as requested by appellant. Counsel for both parties waived oral argument on appellees' motion for summary judgment. In its order granting summary judgment for appellees, the trial court held that there was no wrongful termination and no evidence of an intentional or tortious act or acts to force appellant to resign.

"Under the notice system of pleadings of the CPA, . . . the plaintiff's pleading [must be] sufficiently definite so as to inform the court of [his] intention to voluntarily dismiss. [Cits.] . . . [T]he plaintiff is entitled to voluntary dismissal as a matter of right when he substantially complies with the statutory conditions [of Code Ann. § 81A-141 (a)]." *English v. Atlanta Transit System,* 134 Ga. App. 621, 622 (1) (215 SE2d 304) (1975). (Emphasis supplied.)

The language in the footnote of appellant's brief evidences an intention to dismiss and the language did appear in a document that was filed with the clerk of court and was served upon appellees. Code Ann. § 81A-105 (a). However, Code Ann. § 81A-141 (a) appears to contemplate that the requisite writing consist of something calculated to give more "substantial" notice of the intent to dismiss than a footnote merely inserted in a brief with nothing further to indicate the intention. Accordingly, we hold that relegation of appellant's notice of dismissal to a footnote within the body of a brief did not substantially comply with the requirement of Code Ann. § 81A-141 (a) for "filing a written notice of dismissal" and did not provide the requisite notice to the court or the other party. Cf. *Paul v. Bennett,* 241 Ga. 158 (244 SE2d 9) (1978) (no written notice of dismissal); *Jones v. Jones,* 230 Ga. 738, 739 (2) (199 SE2d 239) (1973) (no service of written notice of dismissal on opposing party).

Under these particular circumstances, appellant was not entitled to dismissal under Code Ann. § 81A-141 (a) and the trial court did not err in ruling on appellant's claim of wrongful termination.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED OCTOBER 4, 1982.

*Michael L. Wetzel,* for appellant.
*F. Carlton King, Jr., John G. Parker,* for appellees.