69747, 69748. MORTON B. KATZ & ASSOCIATES, LTD. et al. v. ARNOLD; and vice versa.
(333 SE2d 115)

BEASLEY, Judge.

Morrison International Marketing consultants (Morrison) con-

---

tracted with the Alliance Theater to perform ticket sale services. In 1978 its employee Katz developed a written script for the Alliance project for salespersons to use as a tool during telephone solicitation for season ticket sales. The script listed frequently given objections by the public and suggested responses for salespersons. No copyright registration was applied for.

Katz left Morrison in 1979, formed his own "tele-marketing" company, co-plaintiff Morton B. Katz & Associates, Ltd., and obtained the contract for season ticket sales with the Alliance Theater, which the company still has.

In October 1979, defendant-appellee Arnold gained employment with the Alliance Theater as a director of public relations and later as marketing director. In 1982 Arnold wrote an article appearing in a professional theater publication entitled "Dialing for Dollars" which included a portion of the sales script. In 1983 Arnold wrote another article, again including portions of the script. In both of these articles no credit was given to Katz or his company for authorship, although Katz & Associates was listed on the 1982 article's appendix as an "additional resource" for information and references regarding telephone campaigns.

Katz and his company filed the present suit against Arnold claiming wrongful infringement of their trade and business practices, plagiarism, invasion of privacy of ideas, creations and trade practices, and unauthorized use of trademark, servicemark, trade practices, ideas, and creations. Arnold counterclaimed.

The trial court granted Arnold's motion for summary judgment concluding that plaintiffs failed to establish a right of recovery. The court, however, refused to adopt Arnold's position that the tort action was preempted by the United States Copyright Act of 1976, 17 USC § 301. All parties appealed.

1. Plaintiffs assert first that the trial court erred in holding that they failed to establish a cause of action under OCGA § 23-2-55, which states: "Any attempt to encroach upon the business of a trader or other person by the use of similar trademarks, names, or devices, with the intention of deceiving and misleading the public, is a fraud for which equity will grant relief." Any conduct the nature and probable tendency and effect of which is to deceive the public so as to "pass off" the goods or business of one person as and for the goods or business of another constitutes a violation of OCGA § 23-2-55. *Atlanta Paper Co. v. Jacksonville Paper Co.*, 184 Ga. 205, 213 (190 SE 777) (1937); *Sofate of America v. Brown*, 171 Ga. App. 39 (6) (318 SE2d 771) (1984). Relief under this section "depends upon an intent to deceive." *Giant Mart Corp. v. Giant Discount Foods*, 247 Ga. 775, 776 (279 SE2d 683) (1981).

Regardless of whether the script is a "device" within OCGA § 23-

2-55 as plaintiffs assert, the trial court correctly concluded that plaintiffs failed to establish a cause of action under this code provision. Plaintiffs failed to cite anything in the record, and we have found nothing, which indicates that Arnold was attempting to "pass off" plaintiffs' work as his own. He was merely providing a sample script as part of his article on telephone subscription sales. Arnold, in introducing the material at issue in his "Dialing for Dollars" article, so stated: "Here is a sample sales script covering typical objections and responses. . . ." We find no error in the trial court's conclusion that "Defendant did not dress up the system and/or method as his own; he did not intend to induce others to purchase a good; nor was he attempting to pass off another's work as his own for profit."

2. In the remaining enumerations of error, plaintiffs argue that the trial court erred in granting Arnold summary judgment because issues of fact exist as to whether they are entitled to recover under a theory of misappropriation or conversion.

The elements essential to a recovery for the wrongful appropriation or conversion of an unpatented or unpatentable idea or product are: 1) the idea must be novel; 2) the disclosure of the idea must be made in confidence; 3) the idea must be adopted and made use of by the defendant; and 4) the idea must be sufficiently concrete in its development to be usable. *Wilson v. Barton & Ludwig*, 163 Ga. App. 721 (296 SE2d 74) (1982).

Assuming for the moment that the script was the property of plaintiffs rather than the property of Morrison, Katz' employer at the time of its development (see 18 AmJur2d § 8), we next address whether any of the four elements cited above are missing.

1) The "novelty" requirement. "The cases addressing protection of trade secrets from unauthorized disclosure are particularly helpful in defining the requirement of novelty since virtually the same requirement has been imposed in order to prove the existence of a trade secret. A trade secret is not entitled to the status of a property right if it pertains to matters 'which are generally known in the trade.' [Cit.] A manufacturer seeking protection of a purported trade secret must show 'that its business procedures or methods are peculiar to it and not generally available to other businesses. . . .' [Cits.] Accordingly, if an abstract idea or concept is to be protected as a property right, it must be novel and original, and not a matter already in use and within the public's knowledge. [Cits.] An idea lacking in novelty or originality constitutes something less than a property right and is therefore insufficient to serve as consideration for a promise of confidentiality or as a basis for asserting unjust enrichment. [Cits.] Further, it is necessary to determine whether an idea is novel or original to know whether the defendant has appropriated an idea that is the property of the plaintiff [Cit.] or has merely put to use a concept al-

ready in the public's knowledge. [Cits.] Public policy considerations also require that business, trade, and the professions be free from encumbrance with alleged property rights in ideas or concepts unless such ideas or concepts are truly unique and original." *Wilson*, supra, 163 Ga. App. at 723-724.

Construing the evidence in the record most favorably for the plaintiffs as the parties opposing summary judgment, and accepting Katz' statements in support of the novelty of his idea as true, *Wilson*, supra, 163 Ga. App. at 725, the undisputed evidence shows that plaintiffs' idea was not "novel." Contrary to their contentions, Katz' idea did not create anything new. He admitted in deposition that "there are millions of telephone sales scripts [predating his]" but contends that it was his "original" idea to develop a script geared to a performing arts organization. "[T]o be protected, an idea must possess genuine novelty and invention, which it cannot have if it merely is an adaptation of existing knowledge, albeit, a clever, useful, or sensible adaptation. [Cit.] The 'novelty essential to a protected property right (cannot) arise solely from the fact that something already known and in use is put to a new use.' " Id. In the present case the idea at issue was precisely that.

" 'To entitle the defendant to a summary judgment the undisputed facts as disclosed by the pleadings and evidence must negate at least one essential element entitling plaintiff to recovery . . . under every theory fairly drawn from the pleadings and evidence [Cits.] . . .' " Id. at 726. Since the idea plaintiffs claim lacked novelty, Arnold was entitled to summary judgment irrespective of any issues of fact that might have remained with regard to the other essential elements of plaintiffs' claim for misappropriation of an idea.

And if that were not enough, the undisputed evidence shows that he did not own the script. It was developed while he was an employee of Morrison. There is no contention or evidence that plaintiffs gave any compensation for it to Katz' employer when he left Morrison. It was used for defendant's employer, who paid for this service. It was contributed to by others, including plaintiffs' witness Havard, who was director of the Alliance Theater at the time. There was no exclusivity to it, in that plaintiffs' employees were not prevented from taking it with them when they discontinued working for plaintiffs, nor was its use restricted from others such as Katz' clients to whom it was given.

Thus it is clear that even if the script were a stealable item, plaintiffs did not own it or have a protectible interest so as to be entitled to payment for its use or to injunction against its use by others. *Monumental Properties v. Frontier Disposal*, 159 Ga. App. 35 (282 SE2d 660) (1981). *Sofate of America v. Brown*, supra; *Eden Toys v. Florelee Undergarment Co.*, 697 F2d 27 (2d Cir. 1982).

The trial court having correctly granted summary judgment on the claim, it is unnecessary to reach the merits of the cross-appeal dealing with whether the preemptive nature of federal copyright law foreclosed the action.

*Judgment affirmed as to the appeal; cross-appeal dismissed as moot. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 12, 1985 —
REHEARING DENIED JULY 1, 1985 — ▆▆▆▆▆▆▆▆

*Michael J. Kramer*, for appellants.
*Judson Graves*, for appellee.