A89A1520. JONES v. TURNER BROADCASTING SYSTEM, INC.
(389 SE2d 9)

BEASLEY, Judge.

Jones appeals the grant of Turner Broadcasting's motion for summary judgment. Jones had brought a complaint alleging that Turner Broadcasting had misappropriated her idea for a television show entitled "Good News." Turner's answer denied the material allegations of the complaint and set forth several defenses, among which was that plaintiff's purported concept and format for a television show lacked novelty, an element prescribed in *Wilson v. Barton & Ludwig*, 163 Ga. App. 721, 723 (1) (296 SE2d 74) (1982). The trial court agreed, granting summary judgment on that theory.

During the late 1960's Jones had developed a sample script for a television, radio or newspaper program which emphasized the positive aspects of the news and our society. For several years thereafter Jones submitted her ideas to various stations and news sources in an attempt to attract interest for the development of the concept. In 1976 when she served as a guest commentator on a television station, Jones advised her viewers of the idea of positive programming and requested feedback from the public. Nothing concrete resulted from this experiment but Jones continued to contact stations in an effort to find employment and sell her ideas. In 1980 she met with the opera-

tions manager of Turner who reviewed three of her programs, "Good News," "Newfangle," and "Family Spotlight." These scripts were forwarded to the Program Director/Station Manager of WTBS-TV, Sid Pike, for consideration. No official action was taken and the scripts were not returned. Then on August 22, 1983, Turner aired the magazine format show entitled "Good News." Jones asserts that this was a wrongful appropriation of her program format.

The forward to Jones' script noted that it was for use by radio, television or newspaper; that it embodied a documentary about, or interview of, persons who had performed good deeds or were involved in acts of a positive nature, and included history of the event or person and possible future emphasis. The two-page script by Jones consisted of an interview of an individual who had his life seriously impaired by drug abuse but changed because of a religious conversion. Jones' material had neither been copyrighted nor patented.

"The elements essential to a recovery for the wrongful appropriation or conversion of an unpatented or unpatentable idea or product are: 1) the idea must be novel; 2) the disclosure of the idea must be made in confidence; 3) the idea must be adopted and made use of by the defendant; and 4) the idea must be sufficiently concrete in its development to be usable." *Morton B. Katz & Assoc. v. Arnold*, 175 Ga. App. 278, 280 (2) (333 SE2d 115) (1985). Plaintiff contends that her idea was not only unique conceptually but novel as to format and composition.

To be novel the concept must be peculiar and not generally available or known to others in the trade. *Wilson,* supra. To be protected, an idea must possess genuine novelty and invention, which it cannot have if it merely is an adaptation of existing knowledge, albeit a clever, useful, or sensible adaptation. *Wilson*, supra at 725 citing *Textile Rubber &c. Co. v. Shook*, 243 Ga. 587, 591 (255 SE2d 705) (1979).

The idea of presenting good news on a broadcast as opposed to negative news might have been unique in the 1960's but by the time it was presented to defendant it was not, having lost originality in the legal sense. By 1970, according to The Wall Street Journal, the idea was being widely discussed and tried in various broadcasting formats. The script proposed by Jones was that of any of the present feature news, documentary or current event programs utilizing clips, an interview, etc. It is comparable to People's Magazine and Entertainment Tonight. The idea of uniting the concept and format might have been new, but not when it was presented to Turner in 1980. Any freshness arose solely from the fact that something already known and in use was utilized in an extended context. This does not constitute "novelty," because creating a "new and better way of doing something" is not sufficient. *Shanco Intl. v. Digital Controls*, 169 Ga. App. 184, 187 (3) (312 SE2d 150) (1983). Without the element of novelty plaintiff

was deprived of an essential element entitling her to recover. *Morton B. Katz & Assoc.*, supra; *Wilson*, supra. See *Murray v. Nat. Broadcasting Co.*, 671 FSupp. 236, 239-244 (S.D.N.Y. 1987).

We do not consider whether Turner might have been liable to Jones for her having disclosed or conveyed her ideas to it, see Nimmer on Copyright, § 16.05, p. 16-30, because that theory of recovery was not an issue below. Nevertheless, the question of novelty may even in that instance be controlling, see especially *Murray*, supra, and cases above cited.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 20, 1989 —
REHEARING DENIED DECEMBER 1, 1989 — 

Jacquelyn F. Jones, *pro se.*

*Troutman, Sanders, Lockerman & Ashmore, John J. Dalton, Anne G. McGlamry*, for appellee.