**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 26, 2023**

# In the Court of Appeals of Georgia

A23A1055. McLEOD v. COSTCO WHOLESALE CORP. et al.

HODGES, Judge.

This case highlights, to some degree, the differences between motions to dismiss for failure to state a claim and motions for summary judgment — and why those differences matter on appellate review. Ronald McLeod sued Costco Warehouse Corporation, Christopher Metheny, and seven additional individual defendants after Costco allegedly reneged on an agreement to pay McLeod for implementing a meat inventory management system at various Costco warehouses. The Superior Court of Gwinnett County, relying primarily on cases applying the summary judgment standard of OCGA § 9-11-56, granted Costco and Metheny's motion to dismiss for failure to state a claim pursuant to OCGA § 9-11-12 (b) (6).[1]

---

[1] Costco and Metheny's counsel prepared the trial court's order.

McLeod appeals, raising seven separate enumerations of error. McLeod now acknowledges that his complaint failed to state a claim for quantum meruit, and so we affirm the trial court's judgment granting Costco and Metheny's motion to dismiss as to that claim. However, because we conclude that McLeod's remedy for a failure to plead certain counts related to fraud with particularity is a more definite statement, and because McLeod satisfied the minimal pleading requirements imposed by OCGA § 9-11-8 (a) (2) (A) as to his other claims, we reverse the remainder of the trial court's judgment granting Costco and Metheny's motion to dismiss and remand this case for further proceedings.

> Permeating each claim in this case is Georgia's well-settled law that a
>
> motion to dismiss the complaint for failure to state a claim under OCGA § 9-11-12 (b) (6) . . . should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under *any* state of provable facts asserted in support thereof; *and* (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

(Citation, punctuation, and footnote omitted; emphasis supplied.) *Lyle v. Fulcrum Loan Holdings*, 354 Ga. App. 742 (841 SE2d 182) (2020); see also *Depository Trust & Clearing Corp. v. Jones*, 348 Ga. App. 474, 475 (823 SE2d 558) (2019); *Osprey*

*Cove Real Estate v. Towerview Constr.*, 343 Ga. App. 436, 437 (1) (808 SE2d 425) (2017).

> To that end, minimum pleading requirements are found in OCGA § 9-11-8 (a) (2) (A), which requires that the complaint contain a short and plain statement of the claims showing that the pleader is entitled to relief, and we have held that the touchstone is fair notice — "this short and plain statement must include enough detail to afford the defendant fair notice of the nature of the claim and a fair opportunity to frame a responsive pleading."

(Citation and punctuation omitted.) *Osprey Cove Real Estate*, 343 Ga. App. at 437 (1). "If, within the framework of the complaint, evidence *may* be introduced which will sustain a grant of the relief sought by the claimant, the complaint is sufficient and a motion to dismiss should be denied." (Citation omitted; emphasis supplied.) *Depository Trust & Clearing Corp.*, 348 Ga. App. at 475. "Although a trial court's ruling on a motion to dismiss for failure to state a claim is subject to de novo review, we accept the allegations of fact that appear in the complaint and view those allegations in the light most favorable to the plaintiff." (Citation and punctuation omitted.) Id.; see also *Osprey Cove Real Estate*, 343 Ga. App. at 437 (1). Ultimately, "any doubts regarding the complaint must be construed in favor of the plaintiff." *Norman v. Xytex Corp.*, 310 Ga. 127, 131 (2) (848 SE2d 835) (2020).

3

So viewed, McLeod's complaint reveals that he "developed a secret and confidential system designed to increase inventory accuracy, increase profits, and manage budgetary expenses associated with the commercial sale of meat and meat-related products" in 2002 (the "System"). In March 2018, Costco hired McLeod as a meat supervisor at its Alpharetta, Georgia warehouse. McLeod implemented the System during his third week of employment, and the warehouse realized a $65,000 increase in gross profit as a result. In 2019, Costco transferred McLeod to its newly opened Sharpsburg, Georgia warehouse as a meat cutter, and he suggested that management implement the System there as well.

On or about October 2, 2019, McLeod met with several Costco managers and employees, including Metheny, who commended McLeod for the System and claimed they would meet with Costco's chief executive officer to further implement the System. Prior to the meeting, Costco did not have a beef and pork ordering system or budgetary expense control system. A Costco general manager[2] allegedly promised McLeod monetary compensation and rewards for the further development and implementation of the System, and McLeod eventually implemented the System at

_____

[2] McLeod identified the manager as Mike Reyes, who was one of the individual defendants dismissed by the trial court for want of prosecution.

4

Costco's Sharpsburg warehouse in November 2019. In addition, Metheny further induced McLeod's reliance on Costco's promises. McLeod also alleged that, during his employment and in reliance upon Costco's representations, McLeod shared various secrets and strategies related to the System with Costco and its employees. Although Costco implemented the System at additional locations and continues to benefit from it, Costco has never compensated McLeod for his work on the System.

McLeod sued Costco, Metheny, and seven additional Costco employees[3] for fraudulent misrepresentation, negligent misrepresentation, breach of contract, misappropriation and conversion of an unpatented or unpatentable idea, quantum meruit, promissory estoppel, punitive damages, injunctive relief, and attorney fees.[4]

---

[3] Following a calendar call, the trial court dismissed each of the seven additional defendants without prejudice for want of prosecution. As it was not appealed, we do not address the trial court's dismissal order in this opinion.

[4] *Thompson v. Reichert*, 318 Ga. App. 23, 25 (733 SE2d 342) (2012), cited by the trial court for the proposition that "'shotgun pleading' is impermissible under the Civil Practice Act[,]" contains no such blanket prohibition. Instead, any difficulty by the trial court in understanding a party's pleading may be remedied by "[t]he inherent power of the trial court to sua sponte require a plaintiff to more definitely state his claims. . . ." Id. at 25, n. 16.

Following a hearing, the trial court granted Costco and Metheny's motion to dismiss,[5] and this appeal follows.[6]

1. Considering McLeod's second enumeration first,[7] he contends that the trial court erred in dismissing his causes of action for fraudulent misrepresentation and negligent misrepresentation. Because the general remedy for a failure to plead fraud-related claims is a more definite statement, rather than dismissal, we agree.

The tort of fraudulent misrepresentation has five essential elements: (1) the defendant made false representations; (2) the defendant knew the representations were false at the time (scienter); (3) the defendant made the representations intending to deceive the plaintiff; (4) the plaintiff justifiably relied upon such representations;

---

[5] In its order, the trial court stated that it had considered "the allegations in . . . McLeod's Complaint, the relevant law, the parties' briefs, and the oral arguments presented at the hearing on [the motion to dismiss][.]" Indeed, the record does not disclose the filing of any evidence of any kind.

[6] McLeod does not enumerate as error the trial court's order dismissing his claims for punitive damages and attorney fees. Therefore, we do not consider these claims. See OCGA § 5-6-40; *Complete Wiring Solutions v. Astra Group*, 335 Ga. App. 723, 726 (781 SE2d 597) (2016) ("Matters not enumerated as error will not be considered on appeal.") (citation and punctuation omitted).

[7] See *Anita Holdings v. Outlet Mall of Savannah*, 357 Ga. App. 403, 405 (1), n. 5 (850 SE2d 843) (2020) ("For convenience of discussion, we have taken the enumerated errors out of the order in which appellant has listed them[.]") (citation and punctuation omitted).

6

and (5) the defendant's misrepresentations resulted in damages. See *Grand Master Contracting v. Lincoln Apt. Mgmt.*, 314 Ga. App. 449, 451 (2) (724 SE2d 456) (2012). Similarly, "[t]he elements of a claim for negligent misrepresentation are: (1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance." (Citation and punctuation omitted.) *Liberty Capital v. First Chatham Bank*, 338 Ga. App. 48, 54 (2) (a) (789 SE2d 303) (2016).

In this case, McLeod's complaint included allegations that Costco representatives promised him monetary compensation and rewards for his development and implementation of the System, that McLeod relied upon Costco's representations when he shared sensitive information about the System with Costco and its employees, and that McLeod had not received any compensation as promised by Costco for his work on the System.

"In all averments of fraud or mistake, the circumstance constituting fraud or mistake shall be stated with particularity." OCGA § 9-11-9 (b). As Costco and Metheny rightly note, that did not happen in this case, as McLeod's complaint did not allege a confidential relationship or other circumstances with particularity. However,

7

when faced with a complaint that fails to plead allegations of fraud with particularity, "the proper remedy to address such deficiencies in pleading is a . . . more definite statement, not a dismissal of the complaint or judgment on the pleadings, at least so long as the plaintiff is able and willing to amend his pleadings to conform to the statutory requirements." (Citation and punctuation omitted.) *Osprey Cove Real Estate*, 343 Ga. App. at 441 (3) (finding trial court should have ordered a more definite statement, rather than dismissal, where complaint "lacked any factual allegations which could be construed as fraud"); see also *Campbell v. Ailion*, 338 Ga. App. 382, 388-389 (4) (790 SE2d 68) (2016). McLeod even cited that principle in his response to Costco and Metheny's motion to dismiss. Accordingly, we reverse the trial court's order dismissing McLeod's claims for fraudulent misrepresentation and negligent misrepresentation.[8] "On remand, . . . the trial court may order [McLeod] to

---

[8] As is common throughout their briefing, "[t]he arguments made [and authorities cited] by [Costco and Metheny] in support of their motions to dismiss are more appropriate for a summary judgment motion. [Costco and Metheny] will have the opportunity to raise them again after the completion of discovery." *Sexton v. K. B. Parker & Assocs.*, 2010 WL 1609718, 2010 U. S. Dist. LEXIS 38994, *3 (M. D. Ga. April 20, 2010); see also *Collins v. Athens Orthopedic Clinic*, 307 Ga. 555, 560 (2) (a) (837 SE2d 310) (2019) (holding that, while "evidence *beyond* mere allegations was required in order for the claimants to prevail" on summary judgment motion, "[n]ot so" for motions to dismiss for failure to state a claim) (emphasis in original). Indeed, the standards for motions to dismiss for failure to state a claim are not even implicated in most of the cases cited by Costco and Metheny. For example, as it

pertains to McLeod's allegations of misrepresentation, the cases upon which Costco, Metheny, and the trial court rely are inapposite. In *Tavistock Freebirds v.The Coca-Cola Co.*, 366 Ga. App. 443, 448-449 (1) (b) (883 SE2d 388) (2023), we concluded that a trial court does not have an obligation to sua sponte order a more definite statement in response to a motion to dismiss for failure to state a claim. Critical to our analysis, however, was that the plaintiff pled claims related to sales puffery regarding future events which were mere conjecture and not actionable, a factor not present in this case. Id. at 448 (1) (a) (ii), 448-449 (1) (b). Similarly, our decision in *McConnell v. Dept. of Labor*, 345 Ga. App. 669, 681 (3) (814 SE2d 790) (2018), rested on a commercial relationship, acknowledging that "a confidential relationship may be found whenever one party is justified in reposing confidence in another" and that "the existence of a confidential or fiduciary relationship is generally a factual matter for the jury to resolve." (Citation and punctuation omitted.) Id. at 680-681 (3), n. 18. Finally, in *ServiceMaster Co. v. Martin*, 252 Ga. App. 751, 758 (5) (556 SE2d 517) (2001), this Court reviewed a trial court's order following a default judgment in which we analyzed whether the well-pled facts of the plaintiff's complaint entitled the plaintiff to relief. Id. Of course, whether a complaint satisfies the minimal pleading requirements of OCGA § 9-11-8 at the motion to dismiss stage is a very different inquiry from whether that same complaint would entitle a plaintiff to relief in a default judgment. Compare *Depository Trust & Clearing Corp.*, 348 Ga. App. at 475 (noting that, on motion to dismiss for failure to state a claim, allegations of fact are viewed "in the light most favorable to the plaintiff") (citation and punctuation omitted), and *Campbell*, 338 Ga. App. at 385 (holding that "the Civil Practice Act requires *only* that a complaint give the defendant fair notice of what the claim is and a general indication of the type of litigation involved") (citation and punctuation omitted; emphasis supplied), with OCGA § 9-11-55 (a) (noting that a plaintiff is entitled to judgment "as if every item and paragraph of the complaint or other original pleading *were supported by proper evidence*") (emphasis supplied) and *Fink v. Dodd*, 286 Ga. App. 363, 365 (1) (649 SE2d 359) (2007) (referencing "facts as deemed *admitted*" because "a default operates as an *admission* of the well-pled factual allegations in a complaint") (citation and punctuation omitted; emphasis supplied). Therefore, *ServiceMaster* adds no value to Costco's case. See also *Infrasource, Inc. v. Hahn Yolena Corp.*, 272 Ga. App. 703, 707 (2) (613 SE2d 144) (2005) (reviewing trial court's ruling on directed verdict motion at trial); *Edwards v. Central Ga. HHS*,

9

plead a more definite statement of [his] fraud claim[s], provided the order identifies the ways in which [his] current complaint fails to conform to the pleading requirements of the Civil Practice Act." (Citation and punctuation omitted.) *Campbell*, 338 Ga. App. at 389 (4).

2. Next, in three enumerations of error, McLeod argues that the trial court erred in dismissing his claims for breach of contract, quantum meruit, and promissory estoppel. In part, we agree.

(a) *Breach of Contract and Promissory Estoppel*. "To assert a claim for the breach of . . . a contract, a plaintiff must allege that the parties agreed to the terms of the contract, that consideration was given for the contract, that the defendant thereafter breached the agreement, and that the plaintiff suffered damages as a result of the breach." *Campbell*, 338 Ga. App. at 386 (1). Of particular relevance to this case, "an enforceable contract may exist even though it rests only in words as remembered by witnesses." (Citation and punctuation omitted.) Id.; see also OCGA § 13-1-5 (b). Similarly,

_____

253 Ga. App. 304 (558 SE2d 815) (2002) (reviewing order granting motion for summary judgment).

10

[t]he essential elements of promissory estoppel are: (1) the defendant made a promise or promises; (2) the defendant should have reasonably expected the plaintiffs to rely on such promise; (3) the plaintiffs relied on such promise to their detriment; and (4) an injustice can only be avoided by the enforcement of the promise, because as a result of the reliance, plaintiffs changed their position to their detriment by surrendering, forgoing, or rendering a valuable right. The promise need not meet the formal requirements of a contract, but it must, nonetheless, have been communicated with sufficient particularity to enforce the commitment.

(Citations and punctuation omitted.) *Gryder v. Conley*, 352 Ga. App. 891, 898 (4) (836 SE2d 120) (2019).

In his complaint, McLeod alleged that Costco employees promised him monetary compensation and rewards for the continued development, and wider implementation, of the System. McLeod also asserted that Metheny and other Costco employees further induced McLeod's reliance on Costco's promises, and that McLeod shared various secrets and strategies related to the System with Costco and its employees as a result. However, although McLeod received payment for his employment, he alleged that Costco never paid him for his intellectual property and work on the System as promised.

11

Contrary to Costco and Metheny's argument, "it is not necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim[;] [r]ather, the Georgia Civil Practice Act requires only notice pleading and . . . pleadings are to be construed liberally and reasonably to achieve substantial justice. . . ." *Campbell*, 338 Ga. App. at 384-385; see also *Racette v. Bank of America*, 318 Ga. App. 171, 172 (733 SE2d 457) (2012). Stated differently, "the Civil Practice Act requires only that a complaint give the defendant fair notice of what the claim is and a general indication of the type of litigation involved; *the discovery process bears the burden of filling in details*[.]" (Citation and punctuation omitted; emphasis supplied.) *Campbell*, 338 Ga. App. at at 385; see also *Lathem v. Hestley*, 270 Ga. 849, 850 (514 SE2d 440) (1999) ("On a motion to dismiss for failure to state a claim upon which relief can be granted, the issue is not whether the [complaint] pled a claim in an ideal manner but whether it sufficiently gave [the defendant] fair notice of the claim and a general indication of the type of litigation involved.").

With these principles in mind,

[a]fter review of [McLeod's] complaint, including the factual allegations coupled with the individual causes of action, as well as the liberal notice

12

pleading requirements codified at OCGA § 9-11-8 (a)(2)(A), we cannot conclude that [Costco and Metheny have] demonstrated that [McLeod] could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

(Citation and punctuation omitted.) *Osprey Cove Real Estate*, 343 Ga. App. at 443 (6); see also *Campbell*, 338 Ga. App. at 386 (2), 388 (3) (concluding that allegations of complaint were sufficient "to at least state a claim" for breach of an oral contract, unjust enrichment, and promissory estoppel).[9]

(b) *Quantum Meruit*. Although identified as a claim for quantum meruit in his complaint, McLeod characterizes that title as a "misnomer" in his appellant's brief and states that the true cause of action is unjust enrichment. In any event, McLeod now acknowledges that his complaint failed to place Costco and Metheny on notice

---

[9] To the extent that a party may not recover in both contract and tort absent certain circumstances, or that McLeod's causes of action for breach of contract and promissory estoppel are themselves incompatible, we still are not authorized to affirm because "Georgia law . . . permits a plaintiff to proceed to trial on alternative theories of recovery." (Citation and punctuation omitted.) *Campbell*, 338 Ga. App. at 388 (2); see also *Osprey Cove Real Estate*, 343 Ga. App. at 442 (5).

of a quantum meruit claim. Therefore, we affirm the trial court's dismissal of McLeod's cause of action for quantum meruit.[10]

3. McLeod next asserts that the trial court erred in granting Costco and Metheny's motion to dismiss his claim for "misappropriation and conversion of unpatented and unpatentable ideas." Once again, we agree.

To establish a right to recover, "the plaintiff [must] show that the design or idea was exclusive, that is, not available in the market place, and that the duty not to misuse the design or idea arose out of a contract or some confidential relationship existing between the parties." *Wilson v. Barton & Ludwig, Inc.*, 163 Ga. App. 721, 723 (1) (296 SE2d 74) (1982) Relatedly, "the elements essential to a recovery for the wrongful appropriation of an abstract idea" include: (1) "[t]he idea must be novel;" (2) "the disclosure of the idea must be made in confidence[;]" (3) "the idea must be adopted and made use of by the defendant[;]" and (4) "the idea [must] be sufficiently concrete in its development to be usable." (Citation and punctuation omitted.) Id.

As alleged in McLeod's complaint, evidence gained through discovery may reveal that Costco did not have any sort of meat inventory system in place at its

---

[10] Because the trial court did not rule on a possible unjust enrichment claim, we do not reach the question of whether McLeod's complaint satisfactorily pled that claim to survive a motion to dismiss.

subject warehouses and that Costco impermissibly implemented the System, which McLeod had developed years earlier, in its warehouses; then again, it may not. As a result, we cannot say, at this early stage of the proceedings, that Costco and Metheny have shown that McLeod "could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought." (Citation and punctuation omitted.) *Osprey Cove Real Estate*, 343 Ga. App. at 443 (6).[11]

4. Next, McLeod claims that the trial court erroneously dismissed his claim for injunctive relief. Should discovery yield facts in support of McLeod's complaint, as we have outlined above, "we cannot say under *any state of provable facts* that [McLeod] would not be entitled to injunctive relief to prevent this alleged harm." (Emphasis supplied.) *Upper Oconee Basin Water Auth. v. Jackson County*, 305 Ga. App. 409, 415 (2) (c) (699 SE2d 605) (2010); see also *Osprey Cove Real Estate*, 343

---

[11] Once again, Costco and Metheny, particularly with regard to their argument concerning the novelty of the System, look for support in all the wrong places. See, e.g., *Jones v. Turner Broadcasting System*, 193 Ga. App. 768 (389 SE2d 9) (1989) (reviewing order granting summary judgment); *Wilson*, 163 Ga. App. at 726 (2) (same). While their arguments may ultimately ring true on summary judgment, those bells have not yet pealed.

15

Ga. App. at 442 (5) (noting that Georgia law allows a plaintiff to pursue alternative theories of recovery); *Campbell*, 338 Ga. App. at 388 (2) (same).

5. Finally, McLeod argues that the trial court erred in granting Metheny's motion to dismiss. For the reasons stated in Divisions 1 through 4, "we cannot conclude that [Metheny] has demonstrated that [McLeod] could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought." (Citation and punctuation omitted.) *Osprey Cove Real Estate*, 343 Ga. App. at 443 (6); see also *Depository Trust & Clearing Corp.*, 348 Ga. App. at 480 (3).

In sum, Costco and Metheny's arguments are "more appropriate for the summary-judgment stage than the motion-to-dismiss stage of the proceedings." *Racette*, 318 Ga. App. at 177 (1) (a) (ii). To that end, "basic discovery should eliminate any uncertainty about the basis of [McLeod]'s claims." (Punctuation omitted.) *Osprey Cove Real Estate*, 343 Ga. App. at 443 (6). Moreover, "[r]elevant factual evidence which may or may not be developed during discovery can be considered on a subsequent motion for summary judgment." (Punctuation omitted.) *Hughes v. Cornerstone Inspection Group*, 336 Ga. App. 283, 286 (2) (784 SE2d 116) (2016), citing *Austin v. Clark*, 294 Ga. 773, 775 (755 SE2d 796) (2014). Accordingly,

16

with the exception of his claim for quantum meruit, we conclude that McLeod's complaint "sufficiently gave [Costco and Metheny] fair notice of the claim[s] and a general indication of the type of litigation involved." *Lathem*, 270 Ga. at 850. That is all our law requires at the OCGA § 9-11-12 (b) (6) motion to dismiss stage. Therefore, we affirm the trial court's judgment granting Costco and Metheny's motion to dismiss McLeod's claim of quantum meruit, reverse the remainder of the trial court's judgment, and remand this case for further proceedings.

*Judgment affirmed in part, reversed in part, and case remanded. Miller, P. J., concur*s and *Mercier, C. J., concurs in judgment only.*